IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2165-D

| | |
|---|---|
| ROY BRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |

On July 10, 2025, the court received a letter from Roy Bright ("Bright" or "petitioner"), a pretrial detainee proceeding pro se, asking the court to lift a federal detainer filed against him [D.E. 1]. The clerk construed the filing as a habeas petition, and on August 4, 2025, in response to an order directing him to do so [D.E. 3], Bright refiled his claims as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 4]. Bright has paid the filing fee. The court now conducts its preliminary review pursuant to 28 U.S.C. § 2243 and dismisses the petition.

Bright is "in state custody under pending charges," including murder and assault with a deadly weapon with intent to kill or inflict serious injury; robbery with a dangerous weapon; possession of a firearm by a felon; and offenses relating to the possession, trafficking, manufacture, and/or sale of cocaine, opium, and/or heroin. Pet. [D.E. 4] at 7; see State v. Bright, Case Nos. 24CR355752-310, 24CR356202-310, 24CR356207-310, 24CR006486-310, 24CR007123-310 (Durham Co. Super. Ct.), available at N.C. eCourts Portal, https://portal-nc.tyler tech.cloud/Portal (click on "Smart Search," then search by name). Bright challenges "a federal detainer on me" as a violation of his Fourteenth Amendment due process rights because he "has not been charged or

indicted on any [federal] criminal charges" and the federal court has not conducted any hearing on the detainer. Pet. at 6–8; cf. Indictment, United States v. Bright, No. 1:25-CR-13 (M.D.N.C. Jan. 13, 2025), [D.E. 1]. Bright asks the court to lift the detainer so that he "can get on pre-trial release in state court." Pet. at 8.

Under 28 U.S.C § 2241, "federal district courts are granted broad authority, within their respective jurisdictions, . . . to hear applications for writs of habeas corpus filed by persons claiming to be held in custody in violation of the Constitution or laws or treaties of the United States." Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010) (quotation omitted); see Zadvydas v. Davis, 533 U.S. 678, 688 (2001). To obtain relief, Bright must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam).

Circuit "courts who have considered the issue have unanimously concluded that [section] 2241 is not the proper vehicle to challenge detention pending trial." Nettles v. Ingham Cnty. Jail, No. 22-1067, 2022 WL 18586817, at *1 (6th Cir. Aug. 8, 2022) (unpublished) (cleaned up) (collecting cases). Additionally, Bright has no constitutional right to release on bail or to a hearing on a detainer imposed by a non-custodial sovereign. See, e.g., United States v. Salerno, 481 U.S. 739, 746–55 (1987); Jenkins v. Harvey, 634 F.2d 130, 132 (4th Cir. 1980); Cooper v. United States Marshal Serv., No. 4:25-CV-493, 2025 WL 2080243, at *2 (E.D. Ark. June 20, 2025) (unpublished), report and recommendation adopted, 2025 WL 2076456 (E.D. Ark. July 23, 2025) (unpublished); Smith v. Waybourn, No. 4:21-CV-381, 2021 WL 2940197, at *2 (N.D. Tex. June 8, 2021) (unpublished); Roberts v. Myers, No. 4:11-CV-514, 2011 WL 2149978, at *2 (D.S.C. May 27, 2011) (unpublished); United States v. Sine, 461 F. Supp. 565, 568 (D.S.C. 1978); cf. Kifah v. Zanoni, No. 1:24-CV-856, 2025 WL 690341, at *2 (E.D. Cal. Mar. 4, 2025)

2

(unpublished), report and recommendation adopted, 2025 WL 1079057 (E.D. Cal. Apr. 10, 2025). Bright fails to plausibly allege that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the court dismisses the petition for failure to state a claim.

After reviewing the claims presented in the habeas petition under the applicable standards, the court determines that reasonable jurists would not find the court's treatment of Bright's claims debatable or wrong and that the issue does not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the court denies a certificate of appealability.

In sum, the court DISMISSES WITHOUT PREJUDICE petitioner's section 2241 petition [D.E. 1] for failure to state a claim and DENIES a certificate of appealability. The clerk SHALL close the case.

SO ORDERED. This 6 day of October, 2025.

JAMES C. DEVER III
United States District Judge